**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

**ANTHONY BENTO,**                                    **Case No.**   19-cv-05003

                                         *Plaintiff*,

                                                            **COMPLAINT**

                        -against-

                                                            **JURY TRIAL DEMAND**

**NEW YORK CITY DEPARTMENT OF**
**CITYWIDE ADMINISTRATIVE SERVICES**

                                         *Defendant*.
-----------------------------------------------------------------X

Plaintiff, Anthony Bento ("Plaintiff" or "Mr. Bento"), by and through his attorneys, Ballon Stoll Bader & Nadler, P.C., complaining of Defendant New York City Department of Citywide Administrative Services ("DCAS" or "Defendant"), alleges with personal knowledge, unless where upon information and belief is stated, the following:

1.      This action is brought to remedy the Defendant's intentional, unlawful discrimination against, and retaliation against Plaintiff based on his disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111 *et seq.*, the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), Executive Law of the State of New York, New York State Human Rights Law § 296, *et seq.* ("Executive Law"), and the Administrative Code of the City of New York, New York City Human Rights Law, §§ 8-101, *et seq.* ("Administrative Code").

## THE PARTIES

2.      Plaintiff is a white Hispanic male.

3.      Plaintiff is a resident of the State of New York.

4.      DCAS is a New York City agency, located at One Centre Street, 17th Floor South, New York NY 10007.

1

## PROCEDURAL BACKGROUND

5.      On or about April 24, 2018, Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") (Charge No 16G-2018-03532).

      a.  Plaintiff's Notice of the Right to Sue, dated February 28, 2019, is attached hereto as **Exhibit A**.

      b.  The instant action is timely because it was initiated within ninety (90) days of Plaintiff's receipt of the aforementioned Notice of Right to Sue; and

      c.  Plaintiff has exhausted his federal administrative remedies as concern the allegations of this Complaint.

## JURISDICTION and VENUE

6.      This court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1331 as this action arises under the laws of the United States.

7.      This Court has supplemental (pendent) jurisdiction over Plaintiff's New York State and New York City claims pursuant to 28 U.S.C. § 1367(a). The New York State and New York City discrimination claims are inexorably related to, arise out of the same operative facts and circumstances as, and are a necessary, integral part of the federal law claims, such that the federal claims and New York State and New York City law claims form part of the same case or controversy.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as events occurred in the Southern District of New York.

9.     Plaintiff has satisfied the procedural and administrative requirements for proceeding under Title VII.

## FACTS

10.     Plaintiff has Multiple Sclerosis and fatigues easily. Plaintiff has difficulty getting up in the morning; walking, driving long distances, or traveling long distances on public transportation; and working eight hour work days back-to-back.

11.     Plaintiff was employed at DCAS as a Thermostat Repairer from April 4, 2016 to April 24, 2017.

12.     In August 2016, Plaintiff requested a three day work week in which he would work one 11-hour shift and two 12-hour shifts weekly as a reasonable accommodation.

13.     Per DCAS's request, Plaintiff submitted a formal accommodation request with medical documentation in late September 2016.

14.     Plaintiff submitted additional medical documentation as requested by Belinda French, Diversity and EEO Officer, on October 14, 2016 and November 3, 2016.

15.     This documentation explained that Plaintiff needed a modified work schedule so that Plaintiff would be able to rest on the days between his shifts.

16.     Plaintiff also spoke to his supervisor, explaining that Plaintiff was coming in late or missing work because he had not received the accommodations he had requested, and asked for the supervisor's understanding while his request was being processed.

17.     Plaintiff did not receive a response to his reasonable accommodation complaint until January 5, 2017, after Disability Rights New York, the Protection and Advocacy agency for New York State, wrote to Ms. French twice to request an immediate response.

18.     Plaintiff's reasonable accommodation request was denied on the grounds that

3

a. A 3 day work week with modified hours would constitute an undue hardship because Plaintiff could not perform his job without a partner;

b. No other employees would be available if Plaintiff worked an extended shift; and

c. Per his union's Collective Bargaining Agreement, DCAS would have to pay Plaintiff 14 hours of overtime a week, and the same amount of overtime for another employee to work with Plaintiff, which would be cost-prohibitive. Ms. French also noted that Plaintiff was frequently late to or absent from work, and asked Plaintiff to provide alternative accommodations that would allow him to arrive at work on time.

19.    In an e-mail dated February 9, 2017, Plaintiff suggested the following alternative accommodations:

a. Being transferred to one of the two open Thermostat Repair projects in Brooklyn, which would shorten his commute;

b. Being given a designated parking space at his Manhattan worksite, which would greatly decrease the distance Plaintiff would have to walk from his parking space to his office; or use of a company vehicle that Plaintiff could park in a designated spot;

c. Transfer in title to Oiler or Steamfitter and assignment to the Brooklyn or Queens facility;

d. Transfer from asset management to Shops

20.    Plaintiff did not receive a response to his request until March 16, 2017, after Disability Rights New York wrote to Ms. French requesting an immediate response.

21.    Ms. French again rejected his proposed accommodations as presenting undue hardships, and offered to assign him to a stationary position at 1 Centre Street to reduce his need to travel between worksites from 8 AM to 3:30 PM, with a flex start time of 7 AM to 8 AM.

22.    Plaintiff responded to Ms. French by e-mail on April 9 explaining why the accommodation she was offering would not meet his needs, reiterating his previous requests, asking for training that would qualify him for a change of position, and asking for suggestions for alternative accommodations.

23.     Plaintiff received a formal denial of his appeal via e-mail on April 17, 2017.

24.     On April 21, 2017, Plaintiff submitted a request for intermittent leave under the Family and Medical Leave Act (FMLA) to Human Resources, and discussed with HR representative Siu Cheng questions regarding his eligibility.

25.     However, on April 28, 2017, HR informed Plaintiff that he had been terminated as of Monday, April 20, the first business day after Plaintiff received the final determination of his appeal.

26.     Plaintiff was not given the chance to take leave that would provide an interim solution while Plaintiff discussed potential alternative accommodations with the EEO Office.

27.     Plaintiff was terminated because he exercised his right to request reasonable accommodations and was not given the opportunity to explore other options such as taking leave under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.


**<u>FIRST CAUSE OF ACTION</u>**
**Discrimination Based Upon Disability in Violation of the**
**Americans with Disabilities Act ("ADA")**

28.     Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained in the above paragraphs of this Complaint as though fully set forth in this paragraph of the Complaint.

29.     Defendant discriminated against Plaintiff on the basis of his disability in violation of the ADA, by treating him differently from and less favorably than non-disabled employees, and by subjecting him to disparate working conditions and other disparate terms and conditions.

30.     As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer monetary and/or economic

harm, including, but not limited to, loss of past and future income, compensation, and benefits, for which he is entitled to an award of monetary damages and other relief, including, but not limited to, attorneys' fees and expenses.

31.     As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress, anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which he is entitled to an award of compensatory and monetary damages and other relief.

32.     Defendant's discriminatory actions in violation of the ADA were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's civil rights, for which he is entitled to an award of punitive or exemplary damages.

33.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of one million dollars ($1,000,000.00), as well as punitive damages, costs, and attorney's fees, and any other relief this Court may find just and proper.

**SECOND CAUSE OF ACTION**
**Discrimination Based Upon Disability in Violation of**
**New York State Human Rights Law**
**(Pendent Jurisdiction)**

34.     Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained in the above paragraphs of this Complaint as though fully set forth in this paragraph of the Complaint.

35.     Defendant discriminated against Plaintiff on the basis of his disability in violation of the New York State Human Rights Law by treating him differently from and less favorably than

similarly situated employees who were not disabled, and subjecting him to disparate working conditions and other disparate terms and conditions.

36.     As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic harm, including, but not limited to, loss of past and future income, compensation and benefits, for which he is entitled to an award of monetary damages and other relief, including, but not limited to, attorneys' fees and expenses.

37.     As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress including, but not limited to, depression and humiliation, embarrassment, and degradation.

38.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of one million dollars ($1,000,000.00), as well as punitive damages, costs, and attorney's fees, and any other relief this Court may find just and proper.

**THIRD CAUSE OF ACTION**
**Discrimination Based Upon Disability in Violation of**
**New York City Human Rights Law**
**(Pendent Jurisdiction)**

39.     Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained in the above paragraphs of this Complaint as though fully set forth in this paragraph of the Complaint.

40.     Defendant discriminated against Plaintiff on the basis of his disability in violation of the New York City Human Rights Law (pursuant to Sec. 8-101, *et seq.* of the Administrative

Code) by treating his differently from and less favorably than similarly situated employees who were not disabled and by subjecting his to disparate working conditions and other disparate terms and conditions.

41.     As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic harm, including, but not limited to, loss of past and future income, compensation and benefits, for which he is entitled to an award of monetary damages and other relief, including, but not limited to, attorneys' fees and expenses.

42.     As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress including, but not limited to, depression and humiliation, embarrassment, and degradation.

43.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of one million dollars ($1,000,000.00), as well as punitive damages, costs, and attorney's fees, and any other relief this Court may find just and proper.

### FOURTH CAUSE OF ACTION
**Hostile Work Environment**

44.     Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained in the above paragraphs of this Complaint as though fully set forth in this paragraph of the Complaint.

45.     Defendant retaliated against Plaintiff for both formal and informal complaints of discrimination, and denied his reasonable accommodation request in violation of Federal, State, and City laws, by treating him differently from and less favorably than similarly situated

employees who were not disabled and subjecting him to disparate working conditions and other disparate terms and conditions.

46.     As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Federal, State, and City laws, Plaintiff has suffered and continues to suffer monetary and/or economic harm, including, but not limited to, loss of past and future income, compensation and benefits, for which he is entitled to an award of monetary damages and other relief, including, but not limited to, attorneys' fees and expenses.

47.     As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Federal, State, and City laws, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress including, but not limited to, depression and humiliation, embarrassment, and degradation.

48.     Defendant is liable to Plaintiff for creating this hostile work environment.

49.     By reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of one million dollars ($1,000,000.00), as well as punitive damages, costs, attorney's fees, and any other relief this Court may find just and proper.

## FIFTH CAUSE OF ACTION
### Retaliation in Violation of
### FMLA, 29 U.S.C. § 2600 et seq.

50.     Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained in the above paragraphs of this Complaint as though fully set forth in this paragraph of the Complaint.

51.     In violation of the FMLA, Defendant retaliated against Plaintiff for requesting FMLA leave due to his disability, by continuously denying his request for a reasonable accommodation, in violation of Federal laws.

52.     As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Federal laws, Plaintiff has suffered and continues to suffer monetary and/or economic harm, including, but not limited to, loss of past and future income, compensation and benefits for herself and his family, for which he is entitled to an award of monetary damages and other relief, including, but not limited to, attorneys' fees and expenses.

53.     As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Federal laws, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress including, but not limited to, depression and humiliation, embarrassment, and degradation.

54.     Defendant is liable to Plaintiff for this unlawful retaliation.

55.     By reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of ONE MILLION DOLLARS ($1,000,000.00), as well as punitive damages, costs, attorney's fees, and any other relief this Court may find just and proper.

[Remainder of page intentionally left blank]

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE,** Plaintiff respectfully requests that this Court grant judgment, awarding

Plaintiff:

A.  Monetary damages as against Defendant;

B.  Costs;

C.  Disbursements;

D.  Expenses;

E.  Attorney's fees;

F.  Interest; and

G.  Any other relief this Court deems just and proper.

Dated:  New York, New York
        May 29, 2019

                    BALLON STOLL BADER & NADLER, P.C.


                    By:_____ *s/ Vincent J. Roldan* _____
                            Marshall B. Bellovin (MB5508)
                            Vincent J. Roldan (VR7450)
                            *Attorneys for Plaintiff*
                            729 Seventh Avenue, 17th Floor
                            New York, N.Y. 10019
                            (212) 575-7900