UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

ANTHONY BENTO,

      Plaintiff,

  -v-                                                No. 19-CV-5003-LTS-SDA

NEW YORK CITY DEPARTMENT OF
CITYWIDE ADMINISTRATIVE
SERVICES,

      Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

      Plaintiff Anthony Bento ("Bento" or "Plaintiff") brings this action against the New York City Department of Citywide Administrative Services ("DCAS" or "Defendant"), claiming that he was retaliated and discriminated against based on his disability in violation of the American with Disabilities Act of 1990, as amended, 42 U.S.C.§§ 12101 et seq. (the "ADA"), the Family and Medical Leave Act, 29 U.S.C. §§ 2601 et seq. (the "FMLA"), the New York State Human Rights Law, New York Executive Law §§ 296 et seq. (the "NYSHRL"), and the New York City Human Rights Law, Administrative Code of the City of New York §§ 8-101 et seq. (the "NYCHRL"). (Complaint ("Compl."), Docket Entry No. 3.) The Court has jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1367.

      Defendant moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Docket Entry No. 11.) The Court has considered the parties' submissions carefully and, for the reasons discussed below, Defendant's motion is granted. However, Plaintiff may move to file an Amended Complaint.

BACKGROUND

Unless otherwise noted, the following summary of relevant facts is drawn from the Complaint, the well-pleaded factual content of which is taken as true for purposes of this motion practice, and from documents relied upon by or incorporated into the Complaint.

Plaintiff Anthony Bento was employed as a thermostat repairer with Defendant DCAS for approximately one year. (Compl. ¶ 11.) Mr. Bento has multiple sclerosis and, as a result, has difficulty working eight-hour days consecutively. (Compl. ¶ 10.) In September 2016, Mr. Bento submitted a formal accommodation request to DCAS Diversity and EEO Officer Belinda French, seeking a three-day work week (comprised of one 11-hour shift and two 12-hour shifts). (Compl. ¶¶ 12-14.) On January 5, 2017, Ms. French notified Plaintiff that his request was denied because his proposed three-day-per-week schedule would place an undue hardship on the DCAS. (Compl. ¶¶ 17-18.) Plaintiff was unable to perform his work without a partner, which would have required DCAS to pay both Plaintiff and his partner a total of 28 hours of overtime each week. (Compl. ¶ 18.) DCAS noted that no other employees would have been available if Plaintiff worked an extended shift. (Id.)

In her January 5, 2017, response, Ms. French also noted that Plaintiff had been frequently tardy or absent from work and asked Plaintiff to suggest accommodations that would facilitate timely and regular attendance. (Compl. ¶ 18.) On February 9, 2017, Plaintiff responded to Ms. French's request with several suggested accommodations, including various job transfers and provision of a designated parking space at his Manhattan work site. (Compl. ¶ 19.) On March 16, 2017, Ms. French notified Plaintiff that his requested alternative accommodations were denied, again for reasons of undue hardship. (Compl. ¶¶ 20-21.) Ms. French offered instead to assign Plaintiff to a stationary position that would reduce his need to travel between work sites, and offered a flexible start time between 7:00 and 8:00 a.m. (Compl.

¶ 21.) On April 9, 2017, Plaintiff emailed Ms. French to reject her alternative accommodation proposal, reiterate his previous requests, request training to qualify for a new position, and solicit more alternative proposals. (Compl. ¶ 22.) On April 17, 2017, Defendant DCAS denied Plaintiff's follow-up request. (Compl. ¶ 23.) Four days later, on April 21, 2017, Plaintiff requested FMLA leave from Defendant's Human Resources department. (Compl. ¶ 24.) A Human Resources representative discussed with Plaintiff his "questions regarding his eligibility" for FMLA leave. (Id.) On April 28, 2017, Defendant notified Plaintiff that he had been terminated as of April 20, 2017. (Compl. ¶ 25.)

On March 26, 2018, Plaintiff filed a complaint with the New York State Division of Human Rights ("SDHR"). (Defendant's Memorandum of Law in Support of Its Motion to Dismiss the Complaint ("Def. Br."), Docket Entry No. 13, at 5; Bento Affidavit in Support of Objection to Motion to Dismiss ("Bento Aff."), Docket Entry No. 17, ¶ 22; Compl., Ex. 1.) On or about April 24, 2018, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Compl. ¶ 5.) On September 26, 2018, in a Determination and Order after Investigation, the SDHR determined there was no probable cause to believe that the DCAS had engaged in the unlawful discriminatory practice of which Plaintiff had complained; the SDHR concluded that (i) the DCAS had engaged in an interactive process with Plaintiff, and that (ii) DCAS had proffered non-discriminatory reasons for its actions, which were not merely a pretext for unlawful discrimination. (Bento Aff., Ex. C.) On February 28, 2019, the EEOC issued a Dismissal and Notice of Rights to Mr. Bento, which noted that the EEOC had adopted the findings of the SDHR and advised Mr. Bento of his right to file a lawsuit against the Defendant in federal or state court. (Compl., Ex. 1.)

## DISCUSSION

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A proper complaint cannot simply recite legal conclusions or bare elements of a cause of action; there must be factual content pleaded that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court accepts as true the nonconclusory factual allegations in the complaint and draws all reasonable inferences in the nonmoving party's favor. Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007).

ADA Discrimination Claim

Defendant asserts that Plaintiff's ADA claim is untimely. To pursue an ADA claim of discrimination, a plaintiff must file a complaint with a State or local agency such as the SDHR or the EEOC within 300 days of the allegedly unlawful act. See 42 U.S.C. §§ 2000e-5(e)(1) & 12117(a); see also Harris v. N.Y.C., 186 F.3d 243, 247-48 (2d Cir. 1999)).[1] The latest date of conduct from which Plaintiff's ADA discrimination claim can be construed to arise is April 28, 2017, when Plaintiff learned that he had been terminated. Thus, Plaintiff had until February 22, 2018, to file a charge of discrimination. Because Plaintiff did not file his charge of discrimination with the EEOC until April 24, 2018, his ADA claims are untimely.[2]

---

[1] The ADA's 300-day administrative complaint filing requirement is different from the requirement that an ADA claim be filed in court within 90 days of Plaintiff's receipt of a notice of right to sue from the EEOC—they are two separate deadlines. Compare 42 U.S.C. § 2000e-5(f)(1) (setting 90-day deadline to bring a civil action "against the respondent named in the [administrative] charge") with 42 U.S.C. § 2000e-5(e)(1) (setting 300-day deadline to file administrative charge).

[2] In his affidavit filed in opposition to Defendant's motion, Plaintiff asserts that he filed a complaint with the SDHR on March 26, 2018. Plaintiff's Complaint does not contain any


*Equitable Tolling*

Plaintiff argues that the ADA deadline should be equitably tolled due to attorney neglect. Plaintiff asserts that he was told by his prior attorney that he "had a one year statute of limitations" and that he relied on his attorney to meet any pending deadlines. (Memorandum of Law in Support of Objection to Motion to Dismiss ("Pl. Opp. Br."), Docket Entry No. 16, at 3.)

A plaintiff seeking equitable tolling bears the burden of establishing that (i) he or she acted with reasonable diligence during the time period he or she seeks to have tolled, and (ii) the circumstances are so extraordinary that the doctrine of equitable tolling should apply. <u>Zerilli-Edelglass v. New York City Transit Auth.</u>, 333 F.3d 74, 80-81 (2d Cir. 2003). While professional misconduct may be egregious enough to warrant equitable tolling, a garden-variety claim of attorney neglect does not constitute an extraordinary circumstance that tolls the statutory deadline. <u>Reeves v. City of Yonkers</u>, No. 16 Civ. 2223 (KMK), 2017 WL 2275025, at *4-5 (S.D.N.Y. May 24, 2017). "[A]ttorney ignorance or inadvertence is not 'cause' [for equitable tolling] because the attorney is the [litigant's] agent when acting, or failing to act, in furtherance of the litigation, and the [litigant] must 'bear the risk of attorney error.'" <u>Id.</u> at *4 (citing <u>Coleman v. Thompson</u>, 501 U.S. 722, 753 (1991)).

Plaintiff has not alleged that (i) he acted with reasonable diligence during the time period he seeks to have tolled, or that (ii) some extraordinary circumstance precluded him from timely filing a charge of discrimination. As noted above, Plaintiff proffers in his opposition papers that his prior attorney told him that he had a one-year statute of limitations. (Pl. Opp. Br. at 3). He also proffers that his attorney was ill and away on indefinite medical leave, effectively

---

allegations concerning such an SDHR complaint. However, because March 26, 2018, was more than one month after the 300-day deadline had elapsed, his ADA claim would still plainly be time-barred even if he had pleaded the earlier date.

abandoning him. (Pl. Opp. Br. at 4). However, Plaintiff submits evidence that the attorney went on medical leave on July 13, 2018—approximately five months after the 300-day filing deadline had already passed. (Bento Aff., Ex. D.) Plaintiff missed his filing deadline well before his attorney went on leave. Furthermore, even if Plaintiff's attorney's alleged neglect could have affected his ability to timely file an administrative charge, such negligence does not rise to a level of egregiousness that would constitute an extraordinary circumstance warranting equitable tolling. See Delahaye v. Hoyt Dak Transp., 363 Fed. App'x 139 (2d Cir. 2010) (holding that being advised by counsel not to file an administrative appeal did not warrant equitable tolling of limitations period); see also Edner v. NYCTA-MTA, 134 F. Supp. 3d 657, 666 (E.D.N.Y. 2015) (finding plaintiff's claims were not subject to equitable tolling where plaintiff argued in "conclusory fashion" that third party had misled him as to the filing deadline and where plaintiff made no allegation that defendant had misled him).

In addition, Plaintiff has not proffered any facts regarding his own diligence in pursuing his claims during the time period he seeks to toll. While Plaintiff retained an attorney in connection with his claims, he has not demonstrated how, if at all, he followed up with his attorney regarding compliance with filing deadlines or the general status of his case. Plaintiff claims that his lack of education and multiple sclerosis prevented him from filing pleadings on his own behalf. (Bento Aff. ¶ 21.) However, he does not specify how either of these conditions stopped him from meeting the filing deadline or from contacting his attorney to ensure that she was complying with case deadlines. See Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000) (concluding that plaintiff's vague and conclusory claims of mental illness "without a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights, is manifestly insufficient to justify any

further inquiry into tolling"). Thus, based on the allegations in the Complaint, the Court concludes that Plaintiff's ADA claims are time-barred and that there is no basis for equitably tolling the 300-day deadline to file an administrative charge.[3]

FMLA Retaliation Claim

Defendant asserts that Plaintiff's FMLA claim is also time-barred. The FMLA provides that "an action may be brought under this section not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1). However, "[i]n the case of such action brought for a willful violation . . . such action may be brought within 3 years." 29 U.S.C. § 2617(c)(2). The Second Circuit has held that an employer acted willfully when it "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA." Porter v. N.Y. Univ. Sch. of Law, 392 F.3d 530, 531 (2d Cir. 2004) (internal quotation marks omitted). If an employer acts "reasonably" or "unreasonably, but not recklessly" in "determining its legal obligation [under the FMLA]," then the employer's actions "cannot be deemed willful." Id. at 531-32. "When a plaintiff sufficiently alleges facts supporting the claimed violation of the FMLA, a general averment as to willfulness should be sufficient to trigger the three-year limitations period" at the pleading stage. Krosmico v. JP Morgan Chase & Co., No. 06 Civ. 1178 (SJF), 2006 WL 3050869, at *2 (E.D.N.Y. Oct. 19, 2006) (internal quotation marks omitted).

Plaintiff's Complaint shows clearly that Plaintiff's FMLA claim is time-barred under the two-year statute of limitations. Plaintiff alleges that he requested FMLA leave on April 21, 2017. His FMLA claim began to accrue on April 28, 2017, when he received notice

---

[3] Plaintiff does not bring his hostile work environment claim under any particular statute. The Court construes his claim as being brought under the ADA and, therefore, finds it time-barred for the same reasons that his ADA discrimination claim is time-barred.

that his employment had been terminated.  Therefore, Plaintiff had until April 28, 2019 to file his FMLA claim.  Plaintiff did not file his Complaint until May 31, 2019; thus, his claim is time-barred unless the longer statute for a willful violation applies.

While Plaintiff's allegation that he was notified of his termination on April 28, 2017—when viewed in conjunction with his request for FMLA leave made seven days earlier—could support an inference that Defendant willfully retaliated against Plaintiff in violation of the FMLA, Plaintiff's Complaint does not allege that he worked at least 1,250 hours for the Defendant.  Thus, the Complaint does not allege plausibly that Plaintiff satisfies the basic eligibility requirements of the FMLA.  29 U.S.C. § 2611(2)(A)(ii).  Therefore, Defendant's motion to dismiss Plaintiff's FMLA claim is granted.  However, because Plaintiff proffers facts in his opposition papers that may be relevant to his FMLA claim, the Court grants Plaintiff leave to move to replead this claim in an Amended Complaint.

NYSHRL and NYCHRL Claims

Because the Court has dismissed Plaintiff's federal-law claims, the Court declines to exercise supplemental jurisdiction of Plaintiff's state- and city-law discrimination claims.  28 U.S.C. § 1367(c)(3).

CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted.  Plaintiff's ADA and FMLA claims are dismissed and the Court declines to exercise supplemental jurisdiction of the state and city claims.  Plaintiff is hereby granted permission to move for leave to file an Amended Complaint reframing any of the dismissed claims in a manner consistent with this Memorandum Order.  Any such motion must be filed no later than 45 (forty-five) days from the date of this Memorandum Order (i.e., by **May 8, 2020**), and must be accompanied by a

proposed Amended Complaint, a blacklined comparison of the proposed Amended Complaint to the Complaint, showing all changes, and a memorandum of law. The motion will be briefed in accordance with the schedule set forth in S.D.N.Y. Local Civil Rule 6.1(b). Failure to make such a timely motion, or the denial of the motion as futile, will result in dismissal of the dismissed claims with prejudice, except insofar as the Court has simply declined to exercise subject matter jurisdiction of them, without further advance notice. The parties are reminded of the Court's Individual Practices Rules, which require the moving party to certify in clear terms in the notice of motion that the movant has used its best efforts to resolve informally the matters raised in its submission. See Rule A.2.b.ii..

      Docket Entry No. 11 is resolved.

    SO ORDERED.

Dated: New York, New York
      March 24, 2020

        /s/ Laura Taylor Swain
       LAURA TAYLOR SWAIN
       United States District Judge